IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID S. JOHNSON, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-18-1044 |
| STEPHEN T. MOYER, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Petitioner David S. Johnson, a former State inmate has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent filed a Supplemental Answer in which they argue that Johnson's claim is unexhausted, procedurally defaulted, not cognizable, and otherwise meritless.  ECF No. 8.  Johnson replied.  ECF No. 10.  Upon review of the submitted materials, the Court finds no need for an evidentiary hearing.  *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D. Md. 2018).  For the reasons set forth below, the Petition will be DISMISSED as moot.

### Background

Petitioner David S. Johnson filed the above referenced Petition for Writ of Habeas Corpus on April 11, 2018.  ECF No. 1.  Petitioner alleges that after he was released from serving his Pennsylvania sentence, he was arrested on an improper Maryland Parole and Probation warrant and transported to Maryland.  *Id*. at 5.  Petitioner remained in the custody of the Maryland Department of Safety and Correctional Services ("DPSCS") for an unspecified period of time and then was released on mandatory supervision.  *Id*.  Petitioner contends that his continuation on mandatory supervision or parole is improper as he has served all time due on his

Maryland sentence. *Id*. As relief, Petitioner seeks a ruling and directive declaring him released from custody as well as a directive to the State to release him. *Id*. at 15.

In 1985 Petitioner was convicted of multiple offenses by a Pennsylvania court. After serving the term of imprisonment imposed by the Pennsylvania court, Petitioner was granted parole. ECF No. 8-1 at 2–5 (opinion of the Court of Special Appeals of Maryland in *David Johnson v. Jon Galley, Warden*, No. 1414, Sept. Term, 2000). Later, Petitioner committed offenses in Maryland, and on August 21, 1997, he was sentenced by the Circuit Court for Allegany County to 24 years and 120 days imprisonment, commencing July 9, 1995. ECF No. 8-2 at 1 (commitment record).

Under Maryland law, Petitioner's aggregated sentences resulted in a term of confinement with a maximum expiration date of November 6, 2019. *See* Md. Code Ann., Corr. Servs. § 3-701(2)(iv) (defining "term of confinement" in pertinent part as "[t]he period from the first day of the sentence that begins first through the last day of the sentence that ends last, for . . . a combination of concurrent and consecutive sentences"). *See also* Code Md. Reg. 12.02.06.01(B)(12) (defining maximum expiration date as "the date that an inmate's term of confinement expires"); *see* ECF No. 8-3 (DOC sentence calculation worksheet).

On March 10, 2010, Petitioner was released from the Maryland Division of Correction (DOC) on mandatory supervision based on the application of 3,528 diminution of confinement credits to the maximum expiration date of November 6, 2019. ECF No. 8-3; ECF No. 8-4 (mandatory supervision release certificate), *see generally* Md. Code Ann., Corr. Servs. § 7-501 (providing that DOC shall grant a conditional release from confinement to an inmate sentenced on or after July 1, 1970 who has served the term or terms of confinement less diminution credits

awarded).  Petitioner was released to a detainer that was lodged by the Pennsylvania Board of Probation and Parole.  ECF No. 8-4.

On April 25, 2016, the Maryland Parole Commission issued a retake warrant finding cause to believe Petitioner had violated the conditions of his release.  ECF No. 8-3; ECF No. 8-5 (warrant dated April 25, 2016).  On June 29, 2016, Petitioner was returned to DOC custody.  ECF No. 8-3.  A parole violation hearing was held on September 23, 2016, and the parole commissioner found Petitioner in violation of the terms of his release for "failing to report in any fashion since being released from [Pennsylvania]," and by "failing to work regularly and failing to make a sufficient effort to do so."  ECF No. 8-6 (Decision Resulting from Parole/Mandatory Supervision Release Violation Hearing, dated September 23, 2016.)  In the exercise of its discretion, Petitioner's mandatory supervision release was continued by the Commission and Petitioner was released from custody but remained under supervision.  ECF No. 8-3; ECF No. 8-6; ECF No. 8-7 (Inmate Traffic History record).

Pursuant to Maryland law, "[a]n individual on mandatory supervision remains in legal custody until the expiration of the individual's full term," Md. Code Ann., Corr. Servs. § 7-502(a), and "is subject to . . . all laws, rules, regulations, and conditions that apply to parolees" and "any special conditions established by a [parole] commissioner." *Id*. at § 7-502(b).  As discussed above, the maximum expiration date of Petitioner's term of confinement was November 6, 2019.  Therefore as of November 6, 2019, Petitioner is no longer in custody.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution."  *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists

through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Petitioner does not attack his Maryland convictions, rather he asserts that his return to custody under the parole retake warrant was unlawful. Where, as here, the relief sought can no longer be awarded by this Court because Petitioner is no longer subject to the confinement challenged by his Petition and he has failed to allege that he suffers any collateral consequences from his parole violation, the matter is moot and must be dismissed. *Spencer v. Kemna*, 523 U.S. 1, 14 (1998) (declining to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation).

## **ORDER**

In accordance with the foregoing Memorandum Opinion, it is this 28th day of April, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus IS DISMISSED as moot.
2. The Clerk SHALL PROVIDE a copy of this Order to Petitioner and counsel of record.
3. The Clerk SHALL CLOSE this case.

                                               /S/
                                       Paul W. Grimm
                                       United States District Judge